731 A.2d 1287

**Joann CORBETT, Carmel Buratti, John Bewick and Gail Thompson, Appellants,**

**v.**

**SCRANTON SCHOOL DISTRICT and Scranton Federation of Teachers, Appellees.**

Supreme Court of Pennsylvania.

Argued Feb. 1, 1999.

Decided June 24, 1999.

A. Martin Herring, Philadelphia, for appellants, Joann Corbett, et al.

P. Daniel Altland, Harrisburg, Michael Brodie, Philadelphia, for appellee, Scranton School Dist.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

Appellants appeal from the order of the Commonwealth Court reversing the order of the Lackawanna County Common Pleas Court granting summary judgment in their favor. Appellants are professional employees who were transferred from the Northeastern Intermediate Unit to the Scranton School District pursuant to the Transfer Between Entities Act (Act).[1] Even though each of the Appellants had been em-

---

1. Act of March 10, 1949, P.L. 30, *as amended,* added by Section 5 of the Act of February 4, 1982, P.L. 1, *as amended,* 24 P.S. § 11–1113.

ployed by the Intermediate Unit for more than seven years, the District credited them with only seven years of experience for salary step purposes. The Commonwealth Court sustained this action. We now reverse.

Prior to June of 1992, Appellants were employees of the Northeastern Intermediate Unit No. 19. They provided educational services to visually and hearing impaired students at the Scranton School District. In early 1992, the District decided that, beginning the following school year, it would provide these services itself. Appellants then requested the Intermediate Unit to suspend them so that they would be available for transfer to the District pursuant to the Act. Thereafter, the District informed Appellants, individually by letter, that they were being appointed to perform the transferred services within the District pursuant to the Act, which provides in relevant part:

(a) When a program or class is transferred as a unit from one or more school entities to another school entity or entities, professional employes who were assigned to the class or program immediately prior to the transfer and are classified as teachers as defined in section 1141(1) and are suspended as a result of the transfer and who are properly certificated shall be offered employment in the program or class by the receiving entity or entities when services of a professional employe are needed to sustain the program or class transferred, as long as there is no suspended professional employe in the receiving entity who is properly certificated to fill the position in the transferred class or program.

(b) Transferred professional employes shall be credited by the receiving entity only for their sick leave accumulated in the sending entity and also for their years of service in the sending entity. . . .

24 P.S. § 11–1113. The District requested that Appellants provide a letter from the Intermediate Unit documenting their prior years of service.

Despite the fact that Appellants all had more than seven years of service with the Intermediate Unit, the District informed them that they would only be credited for a total of seven years of service for purposes of salary step. The District based its decision to limit credit for years of service to seven years on a provision of the then-current collective bargaining agreement executed in 1990 by the District and the Federation of Teachers, which provided that "[n]ewly appointed teachers shall receive year-for-year credit on the salary schedule for no more than seven (7) years of prior teaching experience...."

The District concluded that the foregoing language was applicable to Appellants and superseded the Act based upon its interpretation of subsection (c) of the Act, which provides in part:

> (c) Nothing contained in this section shall be construed to supersede or preempt any provision of a collective bargaining agreement in effect on February 4, 1982....[2]

The District interpreted the foregoing language to mean that any provision in its collective bargaining agreement in effect on February 4, 1982, that was likewise included in subsequent collective bargaining agreements, superseded the requirements of the Act. Because the foregoing provision found in the District's 1990 collective bargaining agreement, limiting credit for years of service to seven years, consistently appeared in the District's collective bargaining agreements, including the agreement in effect on February 4, 1982, the District concluded that its language superseded the Act as specified in subsection (c).[3]

**2.** Subsection (c) originally provided that "[n]othing contained in this section shall be construed to supersede or preempt any provisions of a collective bargaining agreement...." In 1991, the Legislature amended this provision by adding the phrase "in effect on February 4, 1982."

**3.** The language in the District's collective bargaining agreement relating to years of service of newly appointed teachers appeared in a series of collective bargaining agreements, beginning with the agreement that covered a period from September 1, 1979 through August 31, 1982, and thereafter from September 1, 1982 through August 31, 1985, from September 1, 1985 through August 31, 1988, from September 1, 1988

Appellants filed a declaratory judgment action with the trial court requesting the court to declare the District's failure to credit them with all of their prior years of service to be in violation of the Act. Following the close of the pleadings, both parties moved for summary judgment. The trial court granted Appellants' motion. The court disagreed with the District's interpretation of subsection (c). The court interpreted the language of subsection (c) to mean that only collective bargaining agreements in effect on February 4, 1982 superseded the Act and that any provisions found in collective bargaining agreements executed after February 4, 1982, do not. Accordingly, since the language at issue here was part of the 1990 collective bargaining agreement, an agreement that was executed after the February 4, 1982 agreement had expired, the court held that such language did not supersede the Act.

On appeal, the Commonwealth Court disagreed with the trial court's interpretation of subsection (c) and concluded that such interpretation would lead to an absurd result. The court noted that the Legislature did not include the phase "in effect on February 4, 1982," appearing in subsection (c), until the Act was amended in 1991. Thus, in applying the rules of statutory interpretation, the court noted the following:

> [W]e cannot attribute to the Legislature an intention in enacting the 1991 amendments that produces an absurd result. It is clear that in 1991 the Legislature chose to add the date of the Act's initial passage (February 4, 1982) to subsection (c) to limit, to some extent, the ability of parties to supersede the requirements of the Act by the inclusion of contradictory provisions in CBAs. It is equally clear that *no* CBA in effect in 1982 remained in effect in 1991. Thus, if the phrase "in effect on February 4, 1982" referred to CBAs themselves rather than to provisions within CBAs, subsection (c) would have been a nullity when it was enacted. We are not willing to attribute such an absurd result to the Legislature.

through August 1, 1990 and from September 1, 1990 through August 31, 1993.

*Corbett v. Scranton School District,* 704 A.2d 709, 712 (1997) (citations omitted) (footnote omitted) (emphasis in original).

Here, Appellants maintain that the Commonwealth Court erred in interpreting the language of subsection (c) of the Act. They maintain that the language of the Act is clear and free of ambiguity and that the court's resort to the rules of statutory interpretation was unnecessary and improper. Moreover, Appellants assert that even if statutory interpretation were necessary, the court improperly ignored the obvious, judicially recognized, salutary intent and purpose of the statute, which is to protect the interests of teachers involved in a transfer between school entities. Finally, Appellants argue that the Commonwealth Court's decision in this case conflicts with its reasoning employed in *Luzerne Intermediate Unit # 18 Education Association v. Pittston Area School District,* 168 Pa. Cmwlth. 304, 650 A.2d 1112 (1994).

In *Luzerne,* the court rejected an argument that transferred teachers were not entitled to credit for all of their prior years of service based upon the district's alleged past practice of only crediting teachers with two years of service for salary step purposes. The union representative for the district's teachers argued that the district's prior past practices applied to transferred teachers based upon subsection (c) of the Act since the then-current, 1991–1995, collective bargaining agreement granted contractually enforceable status to the parties' practices and such provision appeared in the district's collective bargaining agreement in effect on February 4, 1982. Instead of addressing whether or not the provision of the then-current collective bargaining agreement was applicable to transferred teachers by way of subsection (c) of the Act, the court, instead, held that regardless of how subsection (c) was interpreted by the court, the prior practices of the district were inapplicable to transferred teachers. The court based this conclusion on the fact that the previous case where credit was only given for two prior years of service involved a new hire, not a transfer, and the teacher involved only had two prior years of service. The court noted:

It is clear that there has never been a "past practice" of only granting a maximum of two years seniority credit to teachers transferred pursuant to the Act because there has never been such a transfer in the District before. It is equally clear that the arbitration award did not involve a transfer from one entity to another, but involved a newly hired teacher.

\* \* \*

Further, the CBA currently in effect does not contain a provision which states that transferred professional employees should be given a maximum of two years seniority credit. The provision relied upon by the Federation simply enforces "past practices" of the parties, but as noted above, that practice did not involve teachers being transferred into the receiving school district from another school entity.

*Id.* at 1116.

Appellants cite *Luzerne* for the limited purpose of advancing their contention that regardless of how subsection (c) is interpreted, the relevant provision of the collective bargaining agreement at issue here is inapplicable to them since it applies to newly appointed teachers not transferred teachers. In particular, Appellants point out that throughout the Act, the legislature chose to distinguish transfer situations from new hire situations by making specific reference to "transferred program[s]," "transferred class[es]" and "transferred professional employes." They maintain that the legislature's repetition of this terminology throughout the Act recognizes the unique situation created by changes in the state's special education system and the legislative intent to ensure that intermediate unit teachers not be regarded as new employees and lose the benefits they accrued in intermediate units.

We agree with Appellants that this is precisely what the legislature intended when it enacted the Act. Moreover, we agree that the relevant provision of the District's collective bargaining agreement referring to "newly appointed teachers" is inapplicable to teachers who are transferred pursuant to the

Act. Thus, we need not resolve the lower courts' interpretations of subsection (c) of the Act.

The provision limiting "newly appointed teachers" credit for prior years of service was first included in the District's collective bargaining agreement covering the period from September 1, 1979 through August 31, 1982, prior to the Act's effective date of February 4, 1982. Thus, the District could not have contemplated its application to transferred teachers. In fact, John Vail, manager of personnel services for the District, testified that the language in the District contracts regarding years of service never specifically referenced the Act. He stated:

Q. As best you can recollect, do any of these contracts refer to the Transfer Between Entities Act?

A. No.

Q. No, the contracts do not refer to it, or no, you have no recollection of it?

A. The contracts do not make any reference to it that I'm aware of specifically.

Deposition of John F. Vail at 22; R.R. 79a. Thus, no provision in any of the District's collective bargaining agreements limited the years of service to be credited to "transferred professional employes."

Accordingly, as subsection (b) of the Act clearly mandates that "transferred professional employes shall be credited...for their years of service in the sending entity," and, as the Commonwealth Court's decision held to the contrary, we now reverse its decision.

Justice NEWMAN concurs in the result.